

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

PC:WMP
F.#2010R01702

*271 Cadman Plaza East*

*Brooklyn, New York  11201*

December 20, 2012

**BY HAND DELIVERY AND ECF**
The Honorable Edward R. Korman
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:  United States v. Akeem Cruz
            Criminal Docket No. 11-183 (ERK)

Dear Judge Korman:

     The government respectfully submits this letter in response to the defendant's sentencing letter, dated December 17, 2012 ("Def. Ltr."), which requests a below-Guidelines sentence of time served (i.e., almost 11 months) based on (i) his history and characteristics, (ii) the brief duration of his participation in the charged offense and (iii) the nature and circumstances of the offense.  For the reasons set forth below, the government contends that a sentence within the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") range is appropriate.

I.    Background

     The defendant, Akeem Cruz, along with his friend and co-defendant Robert Blake, were involved in transporting girls from Maine to New York to prostitute for them.  (Presentence Investigation Report ("PSR") ¶ 3).  The defendant learned about becoming a pimp from Blake and they used websites like craiglist.com and backpage.com to place advertisements for sexual services offered by girls who prostituted for them.  (PSR ¶ 4).  Blake had several girls acting as prostitutes for him at the time when Jane Doe #1 started prostituting for the defendant.  (Id.).[1]

---

[1]  Jane Doe #1 in the PSR and in this letter corresponds to Jane Doe #5 in the plea agreement.

Hon. Edward R. Korman
December 20, 2012
Page 2

When Jane Doe #1 was approximately 19 years old and living in Maine, the defendant brought her to New York, and she then started working as a prostitute for Blake. (PSR ¶ 5). Shortly thereafter, the defendant took over as Jane Doe #1's pimp; they were also involved in a romantic relationship during this period. (Id.).

In 2009, after the defendant had taken over from Blake as Jane Doe #1's pimp, the defendant, with assistance from Jane Doe #1, recruited Jane Doe #2 to work as a prostitute for the defendant in New York. (PSR ¶ 6).[2] Jane Doe #2 agreed to this arrangement. (Id.). The defendant took sexually suggestive pictures of Jane Doe #2 and posted advertisements for sexual services offered by Jane Doe # 2 on Craigslist and Backpage. (Id.). Jane Doe # 2 only engaged in prostitution for a brief period of time before returning to Maine. (Id.).

The defendant was arrested in this case on January 27, 2012 while he was incarcerated in Maine. He made no post-arrest statements to the arresting agents or to the government. On April 11, 2012, the defendant pleaded guilty before Magistrate Judge Cheryl L. Pollak to transporting girls across state lines with the intent that they engage in prostitution (Count Three), in violation of 18 U.S.C. § 2421 (the "Mann Act"). (PSR ¶ 1).

II.   The Defendant's Guidelines Range

In the PSR, the Probation Department calculated the defendant's Guidelines total offense level on the Mann Act violation (Count Three) to be 13, which incorporated a base offense level of fourteen for both Jane Doe #1 and Jane Doe # 2, a two-point increase in the offense level based on the multiple victim analysis (U.S.S.G. § 3D1.4), and a three-level reduction for acceptance of responsibility. (PSR ¶¶ 22-43).[3] The government also does not dispute the Probation Department's finding that the

---

[2] Jane Doe #2 in the PSR and in this letter corresponds to Jane Doe #4 in the plea agreement.

[3] The plea agreement contains a four-level enhancement for Jane Doe #2 (referred to as Jane Doe # 4 in the plea agreement) for the use of fraud or coercion. Upon further review, however, the government agrees with the Probation Department that such an enhancement is not warranted in this case.

Hon. Edward R. Korman
December 20, 2012
Page 3

defendant falls within criminal history category III,[4] which at a base offense level of 13, results in a Guidelines imprisonment range on Count Three of 18 to 24 months.  (PSR ¶¶ 48, 73).

The defendant contends that the correct Guidelines range is 15 to 21 months' imprisonment because the defendant falls within criminal history category II rather than III.  (Def. Ltr. at 4). Specifically, the defendant states that he has only three criminal history points because his first conviction occurred when he was 15 years old and juvenile dispositions cannot be considered for criminal history calculation.  (Id.).  As the Probation Department correctly pointed out in its Addendum to the Presentence Report, the defendant is wrong because his May 16, 2005 juvenile conviction should count for purposes of criminal history points because the sentence was imposed within five years of the defendant's commencement of the instant offense.  (See U.S.S.G. § 4A1.2(d)(2)(B)).

Thus, the Probation Department's Guidelines range of 18 to 24 months' imprisonment is accurate.

III. A Guidelines Sentence Is Appropriate

   A.   Legal Standard

In United States v. Booker, the Supreme Court held that the Guidelines are advisory and not mandatory, and the Court made clear that district courts are still "require[d] . . . to consider Guidelines ranges" in determining sentences, but also may tailor the sentence in light of other statutory concerns. 125 S. Ct. 738, 743 (2005); see 18 U.S.C. § 3553(a).  Subsequent to Booker, the Second Circuit held that "sentencing judges remain under a duty with respect to the Guidelines . . . to 'consider' them, along with the other factors listed in section 3553(a)." United States v. Crosby, 397 F.3d 103, 111 (2d Cir. 2005).  Although the Court declined to determine what weight a sentencing judge should normally give to the Guidelines in fashioning a reasonable sentence, the Court cautioned that judges should not "return to the sentencing regime that existed before 1987 and exercise unfettered discretion to select any sentence within the applicable statutory maximum and minimum." Id. at 113.

---

[4] The Guidelines calculation in the plea agreement erroneously estimated that the defendant fell within criminal history category IV.

Hon. Edward R. Korman
December 20, 2012
Page 4

More recently, in <u>Gall v. United States</u>, 552 U.S. 38 (2007), the Supreme Court elucidated the proper procedure and order of consideration for sentencing courts to follow: "[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." <u>Gall</u>, 552 U.S. at 49 (citation omitted). Next, a sentencing court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, he may not presume that the Guidelines range is reasonable. He must make an individualized assessment based on the facts presented." <u>Id.</u> at 596-97 (citation and footnote omitted).

B.  <u>Application of Law</u>

The government respectfully submits that incarceration within the advisory Guidelines range of 18 to 24 months is reasonable and appropriate to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." (18 U.S.C. § 3553(a)(2)(A)).

First, the defendant argues that his "difficulties" as a young man of 17 years old "having a full-on love relationship" with a 37 year old mother of three children, his lack of contact with his father before his 13th birthday, and his very close attachment to Blake merit a sentence of time served. (Def. Ltr. at 6-7). These arguments are unpersuasive. It is difficult to comprehend how having a relationship with an older woman is justification for transporting young and vulnerable girls from Maine to New York for prostitution. Similarly, his lack of contact with his father before his 13th birthday provides no basis for his criminal actions after his 20th birthday. The defendant's close attachment to Blake is also no basis for a reduced sentence. To the contrary, his relationship with Blake demonstrates the need for a Guidelines sentence. In addition to being the pimp for Jane Doe #1 and Jane Doe #2, the defendant also assisted Blake with transporting several other girls from Maine to New York for prostitution. Importantly, the defendant does not claim that Blake pressured him to engage in this illegal conduct. To the extent that the defendant claims his relationship with Blake influenced him, it is undercut by his decision to go out and become a pimp on his own.

Second, the defendant's argument that he should get a reduced sentence because he is not known to have ever used force or coercion or threats of violence against the women who served as his

Hon. Edward R. Korman
December 20, 2012
Page 5

prostitutes (Def. Ltr. at 7) has no merit. Using force or coercion or threats of violence against the girls who prostituted for him would have resulted in a significant enhancement to the defendant's Guidelines. However, no such enhancement was applied. Thus, the Guidelines accurately account for the defendant's non-violent conduct and the defendant's argument does not merit a below-Guidelines sentence.

Third, the defendant argues that he has fully accepted responsibility for his crimes and is eager to lay the groundwork for a new life with family and community support. (Def. Ltr. at 7-9). The defendant received a three-point reduction in his acceptance of responsibility and the defendant cannot point to any additional acts to warrant a further reduction based on his acceptance of responsibility. It is important that the defendant has a supportive family and community to help him when he is released from custody but it bears noting that this is the same family and community which did not or could not prevent him from engaging in criminal conduct prior to his incarceration for the instant offense. Finally, the letters that describe the defendant as "generous" and as one who would "take his last penny to help" someone in need stand in stark contrast to the facts of this case, which is of a man who took advantage of girls by transporting them to New York to prostitute for him and then taking all the money they made by prostituting for him.

Incarceration within the Guidelines range of 18 to 24 months is also warranted to further the aims of specific and general deterrence. (See 18 U.S.C. § 3553(a)(2)(B), (C)). The defendant made his livelihood from criminal activity and has never been employed (see PSR ¶ 67), so one can see how he could easily return to a life of crime unless he is sufficiently deterred. In addition, the defendant and others around him who knew of and supported his role as a pimp should also be deterred from ever engaging in such activity. The sex trafficking of women and girls, which is conduct intertwined with interstate prostitution, is a very serious problem and one that needs to be strongly deterred. The seriousness of this conduct is demonstrated by the death of Jane Doe #1, who was killed while working as a prostitute for the defendant. Put simply, a sentence within the advisory Guidelines will send a strong deterrent message to individuals engaged in or contemplating similar conduct that promoting and facilitating interstate prostitution are serious crimes with serious consequences.

Hon. Edward R. Korman
December 20, 2012
Page 6

      The defendant's involvement in having girls transport crack cocaine in vaginal inserts from Maine to New York is yet another reason why a Guidelines sentence is appropriate. In sum, the defendant's arguments in support of a below-Guidelines sentence are unavailing and should be rejected because they are outweighed by the need for deterrence and the need for a sentence that reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for the offense.

IV.   <u>Restitution</u>

      Restitution is mandatory in this case pursuant to the Mandatory Victim Restitution Act, codified at 18 U.S.C. § 3663A. However, the government has been unable to determine the pecuniary loss suffered by Jane Doe #1 and Jane Doe #2.[5] Thus, the government respectfully submits that restitution is not appropriate in this case because it is almost impossible to calculate the pecuniary harm and any further attempts to do so will "complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process." <u>See</u> 18 U.S.C. § 3663A(c)(3)(B).

V.   <u>Conclusion</u>

      For the foregoing reasons, and based on a balancing of the § 3553(a) factors, the Court should deny the defendant's request for a sentence of time served and sentence the defendant to a term of imprisonment within the advisory Guidelines range of 18 to 24 months.

                              Respectfully submitted,

                              LORETTA E. LYNCH
                              United States Attorney
                              Eastern District of New York

                    By:        /s/
                              Winston M. Paes
                              Assistant U.S. Attorney
                              (718) 254-6023

cc:   Clerk of the Court (ERK) (By ECF)
      Susan G. Kellman, Esq. (By ECF and Email)
      Lisa A. Langone, U.S. Probation Officer (By Email)

---

[5]   Jane Doe #1 is deceased.